UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN M. HONCOOP,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>    Defendant. | Case No. C06-1647-RSM-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Susan M. Honcoop appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, after a hearing before an Administrative Law Judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for an award of benefits.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-seven year old married woman with a high school education. Administrative Record ("AR") at 45. She was forty-two years old at the time of her date last insured (December 31, 1992) and thirty-seven at her alleged onset date (June 30, 1987). AR at 47, 117. Plaintiff has previously worked as a dental assistant for over sixteen years and was last gainfully employed in June 1987. AR at 46.

01        The record of the administrative proceedings in this case is voluminous.  On July 31,
02 1997, plaintiff applied for DIB alleging an onset date of June 30, 1987.  AR at 64, 117.  The
03 Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 10-12.  On
04 March 1, 1999, a disability hearing was held before an ALJ.  AR at 42-63.  The ALJ concluded
05 that plaintiff was not disabled and denied benefits based on her finding that plaintiff could
06 perform work existing in significant numbers in the national economy.  AR at 10-26.
07 However, the ALJ did find that plaintiff was unable to perform her past relevant work.  AR at
08 22.  On August 18, 2000, plaintiff's administrative appeal of the unfavorable portion of the
09 ALJ's decision was denied by the Appeals Council.  AR at 3-4.

10        Plaintiff timely sought judicial review to challenge the Commissioner's ruling at step
11 five only.  *See* AR at 313-17.  The district court found that the ALJ erred at step five by not
12 calling a vocational expert to testify about specific jobs that plaintiff could perform, taking into
13 consideration her significant non-exertional limitations.  *Id.*  The district court remanded the
14 case for further consideration with instructions to call a vocational expert ("VE") and present
15 the VE with "one or more hypothetical questions which accurately reflect the impairments and
16 limitations which the ALJ finds to exist."  *Id.*  On March 26, 2003, the Appeals Council
17 remanded the case to the ALJ for further proceedings consistent with the order of the court.
18 AR at 322.

19        On remand, a new ALJ concluded that plaintiff was not disabled at step four.  AR at
20 559-66.  On November 1, 2006, the Appeals Council adopted the ALJ's findings, AR at 273-
21 75, making the new ALJ's ruling the "final decision" of the Commissioner as that term is
22 defined by 42 U.S.C. § 405(g).  On November 14, 2006, plaintiff timely filed the present action
23 challenging the Commissioner's decision.  Dkt. No. 1.

24
25
26

REPORT AND RECOMMENDATION
PAGE – 2

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

This Court, pursuant to 42 U.S.C. § 405(g), may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, settling conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence of record is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

If this Court determines that the ALJ committed reversible error, it has the discretion to remand for further proceedings or to award benefits. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Remand for further proceedings is appropriate where additional proceedings would remedy defects in the ALJ's decision, *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989), and where the Commissioner is in a better position to evaluate the evidence. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). Remand for an award of benefits is preferred where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey*, 298 F.3d. at 1076; *see also Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (same). More specifically, erroneously rejected evidence should be credited and an immediate award of benefits directed where:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [certain pertinent] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (same).

## IV.  EVALUATING DISABILITY

As the claimant, Mrs. Honcoop bears the burden of proving that she is disabled within the meaning of the Social Security Act ("the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one to four. At step five, the burden shifts to the Commissioner. *Id.*  If a claimant is found to be disabled or not disabled at any step in the sequence, the inquiry ends without need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 404.1520(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether that impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 404.1520(d). A claimant whose impairment meets or equals a listing for the twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. *Id.* If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner finds the claimant is unable to perform other work, the claimant is disabled and benefits may be awarded.

## V. DECISION BELOW

On September 15, 2005, the ALJ issued a decision denying plaintiff's request for benefits, which found:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 1992.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has the following medically determinable impairment: multiple sclerosis; however, the claimant does not have any impairment or impairments that significantly limit her ability to perform basic work-related activities;

REPORT AND RECOMMENDATION
PAGE – 5

      therefore, the claimant does not have a "severe" impairment. 20 C.F.R. § 404.1520.

4.     Even if the claimant's multiple sclerosis were severe prior to her date last insured, December 31, 1992, it would not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.     The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.     Assuming the claimant's MS was severe, the claimant could perform light work as it is defined in the Regulations in environments without exposure to heights or uneven surfaces.

7.     The claimant's past relevant work as a dental assistant or receptionist did not require the performance of work-related activities precluded by her residual functional capacity. 20 C.F.R. § 404.1565.

8.     The claimant has no medically determinable severe impairment which prevented her from performing her past relevant work.

9.     The claimant was not under a "disability" as defined in the Social Security Act, at any time before her date of last insurance, December 31, 1992. 20 C.F.R. § 404.1520(f).

AR at 664-65.

## VI. ISSUES ON APPEAL

The plaintiff raises the following primary allegations of error: (1) whether the ALJ erred in revisiting steps one through four when the previous ALJ had decided those issues in plaintiff's favor and they were not the subject of appeal; (2) whether the ALJ erred in finding no evidence that plaintiff had any manipulative limitations or other non-exertional limitations to which plaintiff testified; and (3) whether the ALJ met his burden at step five.

## VII. DISCUSSION

The parties agree that the first ALJ decided steps one through four in plaintiff's favor. *See* Dkt. No. 15 at 3; Dkt. No. 19 at 2-3. The first ALJ's decision was adopted by the Appeals Council on August 18, 2000, as the final decision of the Commissioner. AR at 3-4. Plaintiff challenged the Commissioner's decision in just one respect—the first ALJ's use of the grids at step five to determine what jobs plaintiff could perform. AR at 315-16. The district court remanded the case for the second ALJ to call upon a VE to determine what jobs, if any,

01 | plaintiff could perform, taking into consideration her exertional and non-exertional limitations.
02 | AR at 316-17.
03 |       The parties dispute the legal consequences of the first ALJ's determination with respect
04 | to steps one through four.  Relying on the law of the case doctrine and in particular, *Ruiz v.*
05 | *Apfel*, 24 F. Supp. 2d 1045 (C.D. Cal. 1998), plaintiff argues that the first ALJ's decision at
06 | steps one through four are the law of the case and were not subject to review on remand.
07 | Defendant appears to suggest that review should be *de novo*, citing 20 C.F.R. §§ 404.983,
08 | 404.1512.  The parties also dispute the second ALJ's credibility determinations and evaluation
09 | of medical evidence.  The Court addresses each of these issues in turn.
10 |
11 |     A.   <u>The First ALJ Erred by not Following the Law of the Case in Steps One Through Four</u>
12 |       When a federal district court issues remand instructions to the ALJ, those instructions
13 | are the law of the case.  *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1218 (C.D. Cal. 2005).
14 | The law of the case doctrine applies to the district court's "'explicit decisions as well as those
15 | decided by necessary implication.'" *Id.* at 1217 (quoting *U.S. v. Cote*, 51 F.3d 178, 181 (9th
16 | Cir. 1995)).  The doctrine precludes the ALJ from relitigating issues settled in the district
17 | court's orders.  *Ischay*, at 1215 (citing *Ruiz*, 24 F. Supp. 2d at 1050).
18 |       Similar to *Ruiz* and *Ischay*, this case was remanded after plaintiff appealed the first
19 | ALJ's ruling at step five only.  The district court found that the first ALJ erred in her use of the
20 | grids to determine what jobs were available to plaintiff where plaintiff had both exertional and
21 | non-exertional limitations.  AR at 316.  The district court instructed that on remand the second
22 | ALJ was to call upon a VE in order to make explicit and informed findings as to what specific
23 | jobs, if any, plaintiff could perform.  *Id*.  The district court did not instruct the second ALJ to
24 | revisit any other issue.  AR at 313-17.  Thus, the remand order implicitly settled issues in steps
25 | one through four, making those determinations the law of the case.  The second ALJ erred by
26 |

revisiting the first ALJ's RFC determination and finding plaintiff capable of performing past relevant work at step four.

The Commissioner acknowledges that he is bound by the law of the case doctrine at step two. *See* Dkt. No. 19 at 7-8. The second ALJ also acknowledged the binding nature of the doctrine at step two. AR at 662. Neither the Commissioner nor the second ALJ explain why the law of the case doctrine is not binding at steps one, three and four as well.

The Commissioner does not distinguish *Ruiz* or *Ischay*. Instead, the Commissioner asserts that plaintiff's reliance on those decisions is misplaced and cites two provisions of the Code of Federal Regulations ("CFR"). The CFR provisions cited by the Commissioner do not warrant a different outcome. The first provision, 20 C.F.R. § 404.983, states that on remand from the Appeals Council, "any issue relating to your claim may be considered." The Commissioner's argument appears to suggest *de novo* review is appropriate every time a case is remanded. However, the law of the case doctrine, as the Commissioner has acknowledged, Dkt. No. 19 at 7-8, undercuts this argument.

The second CFR section cited by the Commissioner is equally unpersuasive. 20 C.F.R. § 404.1512 states, "when new evidence is made part of the record an ALJ will review it to assist in the determination of disability." In this case, the second ALJ was specifically instructed to obtain new evidence on remand in order to accurately present a VE with plaintiff's limitations. However, this is a step five inquiry, and the second ALJ should have limited his determination to step five.

Even if the law of the case doctrine did not bind the second ALJ on steps one through four, 20 C.F.R. § 404.969 would. *See e.g., Chrupcala v. Heckler*, 829 F.2d 1269, 1272-74 (3rd Cir. 1987) (issues decided in plaintiff's favor and not appealed may not be reviewed by the Appeals Council more than sixty days after the final decision of the Commissioner). The Commissioner's initial decision became final on August 18, 2000, when the Appeals Council denied plaintiff's request for review of the ALJ's decision. AR at 3-4. Plaintiff appealed the

ALJ's ruling at step five only. AR at 315. Therefore, in order to meet the sixty day cutoff, the Appeals Council would have had to initiate review of steps one through four by October 18, 2000. This did not occur.

### B. The ALJ Erred in His Credibility Determinations

It is the responsibility of the ALJ to determine credibility, to settle conflicts in medical testimony, and to resolve any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because it is unsupported by objective medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal citations omitted). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the claimant's testimony. *Id*.

When evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). General findings are insufficient. *Smolen*, 80 F.3d at 1284. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or between his testimony and conduct, daily activities, work record, and the testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Id.*

The ALJ made no finding that plaintiff was malingering. In addition, plaintiff has presented objective evidence of manipulative limitations. AR at 194, 196, 270. Consequently, in order to reject plaintiff's testimony the ALJ should have provided clear and convincing reasons for doing so. Instead, the ALJ found plaintiff and her spouse not credible solely because of a lack of objective medical evidence. AR at 663. This fails to meet the *Reddick* standard.

01       Lay witness testimony as to a claimant's symptoms or how an impairment affects the
02 ability to work is competent evidence that cannot be disregarded without discussing the
03 reasons therefore and making express credibility findings. *Nguyen v. Chater*, 100 F.3d 1462,
04 1467 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The ALJ made
05 no express credibility findings regarding the plaintiff's husband. AR at 662-63. General
06 findings, such as characterizing the witnesses testimony as "sympathetic," are insufficient. AR
07 at 662. The ALJ failed to put forth sufficient reasons to discredit plaintiff's husband's
08 testimony.

09       C.    <u>The Plaintiff is Disabled</u>

10       After a claimant has demonstrated that she has a severe impairment that prevents her
11 from doing her past relevant work, she has made a *prima facie* showing of disability. *Tacket*,
12 180 F.3d at 1100-01. The burden then shifts to the Commissioner at step five to demonstrate
13 that, in light of the claimant's RFC, age, education, and work experience, she can perform
14 other types of work that exist in "significant numbers" in the national economy. *Id.*; 20 C.F.R.
15 § 404.1560(b)(3).

16       There are at least two ways that the Commissioner can meet his burden at step five.
17 First, he can use the Medical Vocational Guidelines ("Guidelines"). 20 C.F.R. Pt. 404, Subpt.
18 P, App. 2. When the Guidelines do not accurately reflect a claimant's limitations, however, the
19 ALJ must use a VE to determine whether they are disabling. *Tackett*, 180 F.3d at 1102;
20 *Reddick*, 157 F.3d at 729. The ALJ must provide the VE with an accurate and detailed
21 description of the claimant's impairments, as reflected by the medical evidence of record.
22 *Tackett*, 180 F.3d at 1101.

23       On remand, the ALJ was specifically instructed to call a VE in order to make "explicit
24 and informed findings as to what specific jobs, if any, plaintiff can perform." AR at 316. The
25 ALJ called a VE, but failed to follow the remand instructions and decided the case at step four.
26 AR at 664. The ALJ did, however, elicit sufficient testimony from the VE to create a record

REPORT AND RECOMMENDATION
PAGE – 10

that establishes that the ALJ would be required to find disability at step five. *See* AR at 298-307.

The ALJ presented the VE with a hypothetical which included manipulative limitations, in addition to the limitations to light work, and avoiding unprotected heights and uneven surfaces. AR at 298-300. The VE responded that the only jobs the plaintiff would be capable of performing with those limitations would be housekeeper or housecleaner. AR at 300. The VE then proceeded to testify that if the person in the previous hypothetical were unable to work around cleaning chemicals, he or she would be unable to perform these jobs of housekeeper or housecleaner. AR at 302. The VE rejected the ALJ's suggestion of sorting fruit as a possible job, noting that such jobs are generally seasonal. AR at 300.

The administrative record contains substantial testimony and medical evidence supporting the limitations included in the VE's hypothetical. First, in regards to the plaintiff's manipulative limitations, there are numerous reported instances of numbness and difficulty gripping objects. AR at 45-63, 192-210, 269-70, 280-90, 292-94. Second, plaintiff's sensitivity to chemicals is substantially supported by testimony and medical records. AR at 45-63, 109, 269, 284. The testimony of the state agency medical expert also supports the plaintiff's limitations. AR at 291-97.

Accordingly, in light of the testimony, which is corroborated by the medical expert, the VE, and the medical record, plaintiff is disabled. Specifically, because plaintiff is limited to light work, cannot work around heights or uneven surfaces, possesses manipulative limitations, and cannot be exposed to cleaning chemicals, she is unable to perform work existing in substantial numbers in the national economy.

D. <u>The Appropriate Remedy Is a Remand For the Award of Benefits</u>

The ALJ erred in his adverse credibility determination and in his evaluation of the ME's medical opinion. In *Regennitter*, the court reiterated that if the claimant's testimony or a doctor's opinion should have been credited and, if credited, would have led to a finding of

eligibility, the court may order the payment of benefits. *Regennitter v. Commissioner*, 166 F.3d 1294, 1300 (9th Cir. 1998) (citing *Smolen*, 80 F.3d at 1284). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77.

As discussed above, all three conditions are satisfied in this case. Moreover, it has been over ten years since the plaintiff sought benefits. For all these reasons, this matter should be remanded to the Commissioner for an award of benefits to the plaintiff.

## VIII.  CONCLUSION

The ALJ erred by not following the law of the case doctrine at steps one through four, by failing to provide legally sufficient reasons for finding the plaintiff not fully credible, and by failing to properly address the ME's testimony. These failures led to further errors, as discussed above. No outstanding issues must be resolved before a determination of disability can be made, and the ALJ would be required to find the claimant disabled upon the evidence provided and the conclusions that have already been made. Accordingly, this case should be REVERSED and REMANDED for an award of benefits. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of October, 2007.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge