UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SUSAN HONCOOP,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner, Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C06-1647-RSM-JPD<br><br><br><br><br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

On November 13, 2007, the court ordered that the decision by the Commissioner of the Social Security Administration ("Commissioner") be reversed and benefits be awarded. Dkt. No. 22. The present matter comes before the Court on plaintiff's motion for attorney's fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 24. Defendant filed a timely response opposing the motion. Dkt. No. 26. This matter was referred to the undersigned Magistrate Judge. Dkt. No. 28. After careful consideration of the pleadings, supporting materials, the governing law and the balance of the record, the Court recommends that plaintiff's motion be GRANTED and that she be awarded fees of $7,288.96 and costs of $470.55, for the reasons set forth below.

II. FACTS AND PROCEDURAL BACKGROUND

The plaintiff filed a complaint against the Commissioner challenging a decision that

failed to find her disabled. Her attorney submitted a twenty-four page opening brief asserting that substantial evidence did not support the five-step decision of the Administrative Law Judge ("ALJ"). Dkt. No. 15. The Commissioner opposed the relief sought. Dkt. No. 19. The plaintiff filed a reply brief. Dkt. No. 20. The matter was deemed submitted and oral argument was not required.

A Report and Recommendation issued on October 18, 2007, recommending that the case be reversed and that plaintiff be awarded benefits. Dkt. No. 21. No objections were filed, and on November 13, 2007, the Honorable Ricardo Martinez adopted the Report and Recommendation and judgment was entered accordingly. Dkt. Nos. 22, 23. Plaintiff then sought EAJA fees, asserting that she was the prevailing party and so entitled. Dkt. No. 23. Defendant challenged this motion for fees, claiming that the hours charged were excessive. Dkt. No. 26..

## III. DISCUSSION

### A. Prevailing Parties Are Entitled Reasonable Fees

The EAJA entitles prevailing parties to "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b). The EAJA applies in cases of successful Social Security appeals. *Russell v. Sullivan*, 930 F.2d 1443 (9th Cir. 1991). Reasonable fees are calculated based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The only challenge made by the Commissioner in this case is as to the amount of time plaintiff's counsel expended in the case. There are no objections to the rates requested or to the costs sought. Dkt. No.26. Plaintiff's counsel spent a total of forty-four hours, including two hours for the preparation of the pending motion. He supported his fee request with a declaration setting out the specific tasks performed and the time incurred for each task. Dkt. No.25. The Commissioner argues that forty-four hours is excessive, but fails to identify any unnecessary tasks or those that might involve over-billing. The Commissioner argues that plaintiff should be limited to compensation

for no more than thirty-seven hours. Dkt. No.26.

B. Plaintiff's Fee Request Is Reasonable

The Court finds that the requested award is reasonable and recommends that it be awarded. The Commissioner baldly asserts that this case should have taken no more than thirty-seven hours, by comparing the forty-four hours actually incurred to comments made by the courts in *Spruil v. Bowen*, 671 F. Supp. 302, 306-07 (M.D. Fla. 1988) and *Patterson v. Apfel*, 99 F.Supp. 2d 1212 (C.D. Cal 2000). In *Patterson*, the court determined that a thirty-seven hour total was appropriate in a "routine disability" case, including oral argument. *Id.* at 1215. However, in *Patterson*, the court affirmed the plaintiff's request for the award of thirty-seven hours of work on the case. The court denied the Commissioner's request to award less than all the hours requested, and cited to a number of cases in which fee awards were based on hours worked ranging from twenty hours to more than sixty hours. *Id.*, at n. 2.

These cases provide an anecdotal background to consider the request by the Commissioner, but little else. As noted above, *Hensley* is the starting point for considering fee applications, namely the product of the number of hours reasonably expended multiplied by the applicable hourly market rate for the legal services. *Id.*, at 433. This methodology was also adopted for social security attorney's fee requests under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). It bears repeating that here there are no disputes regarding the success achieved by the plaintiff, the reasonableness of the hourly rate charged, the specificity of the plaintiff's fee petition and affidavit, and the failure of the Commissioner to identify any areas of alleged over-billing. Instead, the Commissioner asks this Court to reduce the fee request by seven hours, simply it exceeds by seven hours the time awarded in *Spruil* or *Patterson.* The Commissioner does not even attempt to compare the complexities of this case to the issues presented in *Spruil* or *Patterson*. There is no authority for this Court to reduce a properly supported fee application using the "methodology" urged by the Commissioner.

IV. CONCLUSION

Plaintiff's motion for fees and costs (Dkt. No. 24) should be GRANTED, and plaintiff's attorney should be awarded fees in the amount of $7,288.96, based upon 44 hours of work, and costs in the amount of $470.55 under the EAJA, 28 U.S.C. § 2412 and 1920. A proposed Order accompanies this Report and Recommendation.

DATED this 16th day of June, 2008.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge